UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KELLY D. EBMEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 16-4056 |
| ) | |
| JOSEPH YURKOVICH, *et al.* ) | |
| ) | |
| Defendants. ) | |

**ORDER**

SUE E. MYERSCOUGH, U.S. District Judge:

In its Order entered March 18, 2019, the Court dismissed Plaintiff's claims with prejudice as a sanction for his willful failure to disclose the first name of the Doe Defendant for almost two years. (Doc. 66). Before the Court are two motions Plaintiff filed seeking reconsideration of the Court's dismissal. (Docs. 69, 70). The motions are granted in part and denied in part.

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment if the movant can show a manifest error of law or present newly discovered evidence. Fed. R. Civ. P. 59(e); Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). Motions under this rule cannot be used to present evidence

that could have been presented at the summary judgment stage. Id. Nor are such motions vehicles to advance arguments that could or should have been made before judgment entered. U.S. v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010); see also Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

As an initial matter, Plaintiff provided exhibits to the Court that show he mailed his response to the Court's Order to Show Cause prior to the relevant deadline. To the extent that Plaintiff requests a finding that he filed a timely response, Plaintiff's motions are granted. See Taylor v. Brown, 787 F.3d 851, 858-59 (7th Cir. 2015) (pro se prisoner's district court filings are "deemed filed at the moment the prisoner places it in the prison mail system.").

Even if the Court had received Plaintiff's response prior to issuing its ruling, however, the response would not have changed the result. The Court's Order to Show Cause asked Plaintiff to explain why he delayed the court proceedings by withholding the first name of the Doe Defendant for almost two years while

simultaneously insinuating that he could not have possibly known it.

As discussed in the Court's previous order, Plaintiff's sworn deposition testimony directly contradicts his current argument that he disclosed Defendant Brock's first name as soon as possible. Plaintiff obtained this knowledge when he heard another official say Defendant Brock's first name on the date the alleged incidents giving rise to this lawsuit occurred.  Nothing prison officials or defense counsel could have done thereafter would have frustrated Plaintiff's ability to provide this information.  Plaintiff testified in his deposition that the sole reason he failed to provide it was because he felt "silly" doing so.  Plaintiff provides no further explanation regarding this testimony.

The Court finds that Plaintiff has failed to show how the Court misconstrued the facts or misapplied the law.  Accordingly, Plaintiff's motions insofar as they request the Court to vacate its prior Order dismissing this case and to amend the judgment is denied.

**It is therefore ordered that Plaintiff's Motions (Docs. 69, 70) are granted as to Plaintiff's request to find that he filed a timely response and denied as to any other relief requested.**

ENTERED:  May 24, 2019.

FOR THE COURT:

             *s/Sue E. Myerscough*
            SUE E. MYERSCOUGH
       UNITED STATES DISTRICT JUDGE